Filed 2/26/24  P. v. Defelice CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>THOMAS DEFELICE,<br><br>  Defendant and Appellant. | 2d Crim. No.B325106<br>(Super. Ct. No. 1492983)<br>(Santa Barbara County) |

Thomas Defelice appeals a judgment following a resentencing hearing.  In 2022, we affirmed his conviction for battery causing serious bodily injury (Pen. Code,[1] § 243, subd. (d)) (count 1); assault with force likely to produce great bodily injury (§ 245, subd. (a)(4)) (count 2); corporal injury to a former cohabitant (§ 273.5, subd. (a)) (count 3), with jury findings that he inflicted serious bodily injury as to count 1, that he personally inflicted great bodily injury as to count 2 (§ 12022.7, subd. (a)),

---

[1] All statutory references are to the Penal Code.

and that he inflicted great bodily injury under domestic violence circumstances as to count 3. (*Id.*, subd. (e); *People v. Defelice* (Mar. 8, 2022, B307326) [nonpub. opn.].) The trial court sentenced him to a third strike, 25 years to life in prison, plus a consecutive 15 years. The 15-year sentence included *the upper term of five years* for the section 12022.7, subdivision (e), enhancement.

Senate Bill No. 567 (2021-2022 Reg. Sess.) changed the standard for imposing upper terms. In our disposition we said, "The sentence is vacated and the case is remanded to the trial court for resentencing consistent with Senate Bill No. 567. Should the court impose the upper term, it should state [its] reasons for doing so. In all other respects, the judgment is affirmed." (*People v. Defelice*, *supra*, B307326.)

At the resentencing hearing, the trial court imposed the upper term again for the section 12022.7, subdivision (e), enhancement. We conclude, among other things, that 1) the court properly limited the scope of resentencing and Defelice was not entitled to a full resentencing; and 2) the court could reasonably find that Defelice waived his right to appear at the sentencing hearing. We affirm.

FACTS

On remand from our prior decision, the trial court held a short presentencing hearing in August 2022 and asked, "I am gathering that [Defelice] will be waiving his appearance and we'll continue [the section] 977 [hearing]. Or do we need to have him brought down?"

Defelice's counsel said: "No, Your Honor. He can stay in state prison. It's a relatively simple issue. He has a rather lengthy sentence."

2

The court said, "I understand.  I read the opinion.  I just want to make sure that we all understand he's waiving his appearance."

The prosecutor: "Thank you."

Defense counsel: "Understood, Your Honor."

The trial court held another pre-resentencing hearing on October 4, 2022.  Again Defelice was not present.  The court asked defense counsel about his absence.  Counsel responded, "He's not going to be transported."  The court scheduled a resentencing hearing for October 25, 2022.

At the October 25th resentencing hearing, Defelice was not present.  Defense counsel advised the trial court that Defelice "is in state prison."

The trial court ruled that the scope of resentencing would be limited to the enhancement.  The court said, "So the court will find that factors in aggravation have been proven in Mr. Defelice's matter and would impose the upper term of five years for the infliction of great bodily injury enhancement.  That would be the order of the court."

## DISCUSSION

### *The Scope of the Resentencing Hearing*

The trial court limited the scope of resentencing to the section 12022.7, subdivision (e), enhancement.  It did not err.

Defelice claims a full resentencing on all counts was required.  He notes that our Supreme Court has held that "when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)  He claims the trial court erred by not conducting a full

3

resentencing and only limiting the resentencing to the enhancement.

But the *Buycks* rule is not applicable here because Defelice was sentenced under the three strikes law. *Buycks* involved resentencing under Proposition 47. It did not involve resentencing for inmates with three strikes sentences. Consequently, Defelice was not entitled to a full resentencing. (*People v. Superior Court (Guevara)* (2023) 97 Cal.App.5th 978, 984-986, 988.)

Moreover, as the People note, the trial court was correct because our reversal only vacated the enhancement. The disposition only gave instructions to the court on remand regarding the enhancement. It did not require the court to conduct a full resentencing hearing. The court complied with our remand order. A full resentencing would be inconsistent with our remand order.

*Defelice's Right to be Present at the Resentencing Hearing*

Defelice notes that he was not present at the resentencing hearing. He claims the trial court erred by conducting the resentencing hearing in his absence,

A criminal defendant has a federal and state constitutional right to be present at all critical stages of the criminal proceeding. (*People v. Cutting* (2019) 42 Cal.App.5th 344, 347.) Sentencing is a critical stage. (*Id.* at p. 348; *People v. Robertson* (1989) 48 Cal.3d 18, 60.) "[R]esentencing is another critical stage." (*Cutting*, at p. 348.) "Defendant's constitutional and statutory right to be present at the sentence modification hearing and imposition of sentence is not in dispute. (Cal. Const., art. 1, § 15 . . . .)" (*Robertson*, at p. 60.)

4

But a defendant may waive the right to be present. (*People v. Nieves* (2021) 11 Cal.5th 404, 508.)

The trial court was aware of Defelice's right to be present at the resentencing hearing and the need for a waiver of his right to be present before proceeding with the resentencing. It conducted a sufficient inquiry on this issue before proceeding with the resentencing hearing.

At the August 2022 hearing, the trial court said, "I am gathering that [Defelice] will be waiving his appearance and we'll continue [the section] 977 [hearing]. Or do we need to have him brought down?"

Defelice's counsel said, "No, Your Honor. He can stay in state prison. It's a relatively simple issue. He has a rather lengthy sentence."

The court said, "I understand. I read the opinion. I just want to make sure that we all understand he's waiving his appearance."

Counsel responded: "Understood, Your Honor."

At the October 4th hearing, the trial court asked about Defelice not appearing for the hearing. Counsel responded, "He's not going to be transported."

From counsel's responses to the trial court's questions, the court could reasonably find that Defelice had waived his right to be present at the resentencing hearing. Defelice has made no showing on appeal that he wanted to appear at the resentencing hearing or what information he would have presented had he been present. Given the court's findings, there is no showing of any reasonable probability of a different result had Defelice been present.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


                                    GILBERT, P. J.

We concur:



    YEGAN, J.



    BALTODANO, J.

Thomas R. Adams, Jr., Judge

Superior Court County of Santa Barbara

_____

Rudolph J. Alejo, under appointment by the Court of Appeal, for Defendant and Respondent.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Stephanie A. Miyoshi, Deputy Attorneys General, for Plaintiff and Respondent.